PER CURIAM:
Claimant, an inmate at the Mt. Olive Correctional Complex, a facility of Respondent, seeks back payment for his participation in an educational program. The Court is of the opinion to deny this claim for the reasons stated more frilly below.
A heaing was conducted by the Court in this claim on October 21,2010, at which time the Claimant testified as to the facts and circumstances giving rise to his claim. On or October 29, 2009, Claimant Miguel Delgado was placed on administrative segregation within the prison facility. Mr. Delgado testified that inmates in administrative segregation are required to participate in a Quality of Life Program that includes an educational component. Mr. Delgado testified that the educational component consists of watching videos and completing an educational packet. Mr. Delgado estimated that on a given day he would watch a one hour-long video and complete a short question set in five minutes or less. Mr. Delgado argues that he should be paid for participating in the Quality of Life program based on Respondent’s Policy Directive 501, which states that “[ijmnates who are involved in full-time academic or CTE classes shall be paid at the established rate for the Education category.” Mr. Delgado testified that none of the inmates in administrative segregation are paid; however, imnates in general population have been paid for *239 completing the same educational packet. Claimant contends that he should receive $16 per month in back pay since he started the program.
It is Claimant’s position that Respondent has violated its Policy Directive by failing to compensate him for his participation in the Quality of Life program.
The position of Respondent is that educational component of the Quality of Life program does not, by itself, qualify for monetary compensation. Respondent presented no witnesses.
In the instant case, the Court is of the opinion that Respondent did not violate its operational procedures by refusing to compensate Mr. Delgado for the educational component of the Quality of Life program. Based on the evidence adduced at hearing, the Court is of the opinion that an hour-long educational video followed by a five minute questionnaire does not constitute “full-time academic or CTE classes” as required formonetary compensationunderPolicy Directive 501. The Policy Directive goes on to state that “[ijnmates who are involved in part-time academic/CTE classes and who also work part-time shall receive a monthly salary equal to the higher of the two.” While the Quality of Life program may constitute part-time academic work, Mr. Delgado failed to provide evidence that he was engaged in part-time work to satisfy the requirements for monetary compensation. Thus, the Court has determined that Claimant may not make a recovery for back pay in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.